## C. H. WESSEL AND ANOTHER v. M. P. COOK AND ANOTHER.[1]

### May 5, 1916.

### Nos. 19,615—(41).

**Broker's commission — evidence — new trial.**

>   In this action to recover a commission for procuring a purchaser for a farm owned by defendants, it is *held* that the evidence sustains the verdict for plaintiffs, that there was no reversible error in the rulings on the admission of evidence or in the charge, and that there was no abuse of discretion in denying a motion for a new trial on the ground of surprise.

Action in the district court for Martin county by copartners doing business under the firm name of C. H. Wessel Land Company to recover $400 as commission for obtaining a purchaser for defendants' land. The case was tried before Quinn, J., and a jury which returned a verdict for the amount demanded. Defendants' motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendants appealed.

Affirmed.

*Knox & Faber,* for appellants.

*E. C. Dean,* for respondent.

[1]Reported in 157 N. W. 705.

Note.—On the performance of contract by a real estate broker to find a purchaser or effect an exchange of his principal's property see note in 44 L.R.A. 543.

On what constitutes employment of broker which will entitle him to commissions otherwise earned see note in 27 L.R.A.(N.S.) 786.

BUNN, J.

This action was brought by plaintiffs, real estate dealers in Fairmont, to recover of defendants $400, the amount alleged to have been agreed on as a commission for procuring a purchaser for a farm owned by defendants. The issues were tried to a jury, and there was a verdict for plaintiffs. A motion for a new trial was denied, judgment was entered on the verdict and defendants appeal therefrom to this court.

Plaintiffs and defendants on May 8, 1912, signed a writing by the terms of which defendants gave to plaintiffs "the exclusive sale of the following described real estate, situated in Martin county, state of Minnesota, for the period of five months, viz." The premises were not described in this writing. It provided that defendants were to "give contract and deed as soon as $4,000 has been paid with interest at 5 per cent after March 1st," and that should plaintiffs find a purchaser for the real estate on the terms of $500 on execution of contract, $1,000 March 1, 1913, "subject to existing contract," that defendants should execute a warranty deed to the purchaser, and pay plaintiffs a commission of "$2.00 and ½ of whatever is received above list price." The list price was noted on the writing as $62 per acre, and it was recited that $500 was to be "cash down," and that purchaser should "assume contract on farm and make payments accordingly." The number of acres was noted as 200, and there was a provision in another part of the writing that "if other buildings and improvements are put on farm the price is to be $64 instead of $62 per acre."

We have avoided calling this writing a contract, though we do not find it necessary to decide whether it is or not. Plaintiffs proved an oral agreement by which defendants were to pay a commission of two dollars per acre if the farm was sold at $62 per acre, and one-half of whatever was received above that price. The chief complaint of defendants is not that the evidence did not establish this agreement, but that the court erred in admitting the oral evidence to prove it, on the theory that it tended to vary, contradict or modify the terms of the written contract.

The rule invoked has in its various phases been the subject of much elaborate discussion in a multitude of cases decided by this court. We find it unnecessary to add to the literature on this subject. Admittedly

parol evidence was necessary to explain and supply omissions in the writing, and of course it was admissible for that purpose. If the written contract was valid, parol evidence was not admissible to contradict its terms. The fact that it was silent or ambiguous on some points, as the description of the property, and the terms of the sale, would not be ground for proving the terms of an oral contract inconsistent with the written one. All that the oral evidence could be received for would be to supply the omissions and explain the ambiguities. But a careful examination of the record convinces us that, granting there was technical error in some of the court's rulings, it was in each case error without prejudice. In no instance does the oral evidence tend to contradict any term of the written contract, add any term to it, or take anything from it. If there was any error in admitting the oral evidence, it is because there was no need of admitting it as to the terms of the contract that were clear and unambiguous. But plainly there could be nothing prejudicial in this. The terms of the agreement were really not in controversy, and there is no real claim now that defendants did not agree to pay a commission of two dollars an acre in case of a sale at the list price.

The chief defense on the trial seems to have been that the purchaser produced, while admittedly ready, willing and able to buy at the price named, did not meet the terms of payment provided for in the commission agreement. It is not certain now that defendants claim that the evidence does not justify the verdict on this point, but assuming that they do, there is no difficulty in holding that the claim is unsound. The commission contract is far from clear in expressing the amounts of and the times for the deferred payments. It recites in one place that the purchaser is to pay $500 on execution of the contract, $1,000 March 1, 1913, "subject to existing contract," and in another place that the payments, other than the $500, are to be made according to a contract on farm which the purchaser is to assume. The contract thus referred to was claimed to be one by which William C. Cook, a brother of defendants, sold and agreed to convey a one-third interest in the farm to defendant M. P. Cook. The evidence was ample to show a good faith effort on the part of the purchaser, assisted by plaintiffs, to find out what the terms of this contract were, and to draw a contract that would be in compliance

with the commission contract and satisfy defendants. It is reasonably clear that defendants were not to be satisfied, and declined to consummate the sale for reasons not disclosed to plaintiffs or on the trial. That plaintiffs performed their contract and earned the commission agreed upon, seems almost conclusively established. Certainly there is no room for disturbing the verdict on the ground that the evidence does not sustain it.

We find no error in permitting one of the plaintiffs to testify that he drew the contract with the purchaser, as to dates and amounts of the payments to be made, from a memorandum that he took from the so-called "existing contract" shown to him by defendants. This was not a violation of the best evidence rule.

Error is assigned as to certain instructions of the trial court to the jury in which it was stated that plaintiffs claimed the provisions for the payments in the contracts defendants refused to sign were as in the "existing contract," and that, if this was found to be true, plaintiffs were entitled to recover. The claim is that there was no evidence that the final payment provided for was in the contract between the brothers. We do not sustain this claim. The instructions were favorable enough to defendants, and we perceive no error of which they can justly complain.

Under an assignment of error that the court erred in denying a new trial, defendants attempt to make the point that plaintiffs are estopped from relying on an oral contract because of a former suit in which they pleaded the written agreement, which suit was dismissed because the court held that the writing was too indefinite and incomplete to constitute a contract. The point is so obviously without merit that we forbear pointing out the many valid grounds for refusing to sustain it.

The claim that a new trial should have been granted because defendants were surprised by certain testimony of plaintiffs is not of sufficient merit to warrant a reversal. There was no abuse of discretion in refusing a new trial on this ground.

Our conclusion is that the record shows no reversible error, and that the result reached by the jury was the right one.

Order affirmed.